UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| MARION M. CHAPMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:24-CV-00020 SRW |
| | ) | |
| CLAY STANTON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of petitioner Marion Chapman for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 3]. Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be dismissed. The pending motions will be denied as moot.

**Background and Petition**

Petitioner is a self-represented litigant who is currently incarcerated at the Northeast Correctional Center (NECC) in Bowling Green, Missouri. The following information is taken from public records published on Missouri Case.net in petitoiner's Missouri State criminal case, *State v. Chapman,* No. 0816-CR04775-01 (16th Jud. Cir., Jackson County Court). This Court takes judicial notice of these public state records. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007).

In September of 2008, petitioner was charged by indictment with murder in the second degree and armed criminal action. Ms. Theresa Crayon was the prosecuting attorney in petitioner's criminal action in Jackson County Court. The Honorable Judge Charles E. Atwell presided over petitioner's criminal trial which began on February 8, 2010. A jury found petitioner guilty of the

charges after a trial on the merits. However, because prior to the trial petitioner submitted a written request that the Court, not the jury, declare punishment, Judge Atwell found petitioner to be a prior and persistent offender and sentenced petitioner on April 9, 2010, to a total term of imprisonment of thirty (30) years in the Missouri Department of Corrections.[1]

Petitioner's convictions and sentences were affirmed on appeal. *See State v. Chapman*, WD72368 (Mo. Ct. App. 2011). Petitioner's motion for post-conviction relief was denied on October 11, 2012. *See State v. Chapman*, No. 1016-CV13190 (16th Jud. Cir., Jackson County Court). And the denial of the post-conviction motion was affirmed on appeal in June of 2014. *See State v. Chapman*, WD75844 (Mo. Ct. App. 2014).

Petitioner filed the instant action on February 21, 2024, seeking to pursue his rights under 42 U.S.C. § 1983. However, a review of the pleadings in this case reveals that his claims stem from his belief that the Missouri Courts, the Missouri Department of Corrections and the Missouri Board of Probation and Parole have wrongfully denoted him a "prior and persistent offender," assessed him four instead of "two prior felony convictions" on his prison "face sheet," and provided him with the wrong sentencing release date as a result.

In his petition, petitioner seeks both money damages and to change his release date. However, monetary damages are not available from the State of Missouri, given that the State may not be sued under § 1983 and is entitled to sovereign immunity. *See Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"); *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal

---

[1] Petitioner was sentenced to twenty-two (22) years in the Missouri Department of Corrections on the count of murder in the second degree and thirty (30) years in the Missouri Department of Corrections, to run concurrently on the count of armed criminal action.

2

court"); *Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). Moreover, although petitioner has sued several state workers in their official capacities, the claims against them are a "merely a suit against the public employer." *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999).[2] Given these issues, the Court interprets this action as one brought pursuant to 28 U.S.C. § 2254 seeking release from his conviction and sentence as currently calculated by the Missouri Department of Corrections and Missouri Board of Probation and Parole.[3]

The Court has reviewed the petition and supplemental briefs submitted by petitioner. It appears that petitioner has had difficulty understanding the difference between the legal meaning

---

[2] To the extent petitioner is seeking prospective injunctive relief relative to the acts of respondents, he has not demonstrated the State of Missouri's liability with respect to his claims. *See infra.* Such liability may attach to a governmental entity if a constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines,* 883 F.3d 1075, 1079 (8th Cir. 2018). It is well established that there is no federal constitutional liberty interest in having state officers follow state law or having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship,* 100 F.3d 640, 643 (8th Cir. 1996)). *See also Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability).

[3] Petitioner also asserts that he is bringing a claim against respondents under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671. However, because respondents are not employees of the federal government, but rather the state government, such a claim is not cognizable. *See, e.g., Pornomo v. United States*, 814 F.3d 681, 687 (4th Cir. 2016) ("The FTCA does not create a new cause of action; rather, it permits the United States to be held liable in tort by providing a limited waiver of sovereign immunity."); *Raplee v. United States*, 842 F.3d 328, 331 (4th Cir. 2016) (explaining that "the FTCA merely waives sovereign immunity to make the United States amenable to a state tort suit"); *Hornbeck Offshore Transp., LLC v. United States,* 569 F.3d 506, 508 (D.C. Cir. 2009) ("This statutory text does not create a cause of action against the United States; it allows the United States to be liable if a private party would be liable under similar circumstances in the relevant jurisdiction."); *Kinebrew v. United States*, No. 15-6855, 2016 WL 3014887, at *1 (E.D. Pa. May 26, 2016) ("The United States has not waived its sovereign immunity under the FTCA for claims based on the alleged negligence of non-employees . . . ."); *Gonzalez v. United States,* C.A. No. C-06-352, 2007 WL 2008675, at *3 (S.D. Tex. July 5, 2007) ("The FTCA does not impose liability on the government for the acts of non-employees . . . ."). Rather, Congress enacted the FTCA on behalf of petitioners to obtain compensation from the United States Government for the torts of its employees. 28 U.S.C. § 1346(b)(1); *see also Evans v. United States,* 876 F.3d 375, 380 (1st Cir. 2017), *cert. denied*, 139 S. Ct. 81 (2018).

3

of "prior and persistent offender" and its interaction with his sentencing assessment in the Missouri Department of Corrections and Missouri Board of Probation and Parole.

Petitioner also has a basic misunderstanding of "prior felony commitments" and "prior felony convictions." Petitioner has attached to his petition correspondence between he and the Department of Corrections relating to this issue. The Department of Corrections indicates that he has had two "prior felony commitments," however, the Court denoted him as a prior and persistent offender at his criminal trial based on four "prior felony convictions."

As noted in a prior case before this Court, *Chapman v. Stanton, et al.*, 2:23-CV-69 JMB (E.D.Mo.), the Missouri Department of Corrections agreed with the assessment of the Circuit Court and found that he had four "prior felony convictions" and two "prior felony commitments." Petitioner argues that pursuant to Missouri Revised Statute § 558.019, because he had only two prior felony commitments, he should only have to serve 50% of his assessed sentence rather than 85%. However, does not seem to have interpreted the portion of the statute dedicated to those sentenced to "dangerous felonies." Missouri Revised Statute § 558.019.3 states:

> Other provisions of the law to the contrary notwithstanding, any offender who has been found guilty of a *dangerous felony* as defined in section 556.061 and is committed to the department of corrections shall be required to serve a minimum prison term of eighty-five percent of the sentence imposed by the court or until the offender attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first.

(emphasis added to highlight the term dangerous felony).

A "dangerous felony" is defined by Missouri Revised Statute 556.061, as:

the felonies of arson in the first degree, assault in the first degree, attempted rape in the first degree if physical injury results, attempted forcible rape if physical injury results, attempted sodomy in the first degree if physical injury results, attempted forcible sodomy if physical injury results, rape in the first degree, forcible rape, sodomy in the first degree, forcible sodomy, assault in the second degree if the victim of such assault is a special victim as defined in subdivision (14) of section 565.002, kidnapping in the first degree, kidnapping, *murder in the second degree*,

4

> assault of a law enforcement officer in the first degree, domestic assault in the first degree, elder abuse in the first degree, robbery in the first degree, *armed criminal action,* conspiracy to commit an offense when the offense is a dangerous felony, vehicle hijacking when punished as a class A felony, statutory rape in the first degree when the victim is a child less than twelve years of age at the time of the commission of the act giving rise to the offense, statutory sodomy in the first degree when the victim is a child less than twelve years of age at the time of the commission of the act giving rise to the offense, child molestation in the first or second degree, abuse of a child if the child dies as a result of injuries sustained from conduct chargeable under section 568.060, child kidnapping, parental kidnapping committed by detaining or concealing the whereabouts of the child for not less than one hundred twenty days under section 565.153, and an "intoxication-related traffic offense" or "intoxication-related boating offense" if the person is found to be a "habitual offender" or "habitual boating offender" as such terms are defined in section 577.001.

(emphasis added to highlight the crimes of murder in the second degree and armed criminal action).

In a supplement to his petition, petitioner has attached correspondence from the Missouri Department of Corrections relating to this issue, dated March 25, 2024, which states:

> Your complaint is that you should be 6 years short of your max date of 2030 right now which would drop your custody level to a one, somebody put the conditional release date of 2033 as your date. This CR date should not be there at all. You state that you are serving 22 years for a 2nd degree murder 85% and 30 years ACA 0% concurrently. The ACA has 3 years to be served in DOC in order to be paroled.
>
> . . .
>
> After receiving statements from NECC records department it has been determined that:
>
> Offender Chapman was sentenced to 22 years on the Murder Second Degree charge and due to it being a dangerous felony he is required to serve 85% before he is eligible for release on this count. He does not have a Conditional Release date for this count. This sentence will expire on 08-21-30; however he will continue to serve an additional 8 years on count 2 before he reaches the max date.
>
> On count 2, Armed Criminal Action charge, he was sentenced to 30 years and the only mandatory requirement for this sentence is that he serve 3 years before eligible for release. For a 30-year sentence, the Conditional Release date is 5 years less than the max date. His max date is 08-21-2038 and 5 years less is 08-21-2033.
>
> The Conditional Release date of 08-21-2033 is correct, and it will not be removed. On 08-21-2030, sequence 1 – Murder 2nd Degree charge, will expire and then he

will only be serving on sequence 2, the Armed Criminal Action charge. No changes will be made to his current face sheet.

The Court notes that a review of Missouri Case.net shows that petitioner filed an action to litigate this issue in the Circuit Court of Jackson County, Missouri, on March 8, 2024, pursuant to Missouri Supreme Court Rule 29.15. *See Chapman v. State*, No. 2416-CV06511 (16th Jud. Cir., Jackson County Court). The State has not yet filed a response to petitioner's motion, and the action is currently pending.

Petitioner has also previously filed two actions in Missouri State Court seeking to expunge prior convictions: (1) one to expunge a "prior record of possession of a controlled substance" of marijuana/synthetic cannabinoid, *Chapman v. State*, No. 2316-CV-10644 (16th Jud. Cir., Jackson County Court), and (2) one in which he sought to expunge his 1994 robbery conviction and his 1995 assault conviction, *Chapman v. State,* No. 2316-CV-13066 (16th Jud. Cir., Jackson County Court). Both requests for expungement were denied and dismissed.

## Discussion

Petitioner is a self-represented litigant who brings this action pursuant to 28 U.S.C. § 2254. The Court has carefully reviewed his petition and supplements and for the reasons discussed below, this matter must be summarily dismissed.

### A. Failure to Allege a Constitutional Violation

Under 28 U.S.C. § 2254, a district court can only entertain a petition for writ of habeas corpus filed by a person in state custody "on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, a federal district court's power to review state convictions is limited. *Carter v. Armontrout*, 929 F.2d 1294, 1296 (8th Cir. 1991). In particular, relief under § 2254 "is available only where errors of a constitutional magnitude have occurred." *Jolly v. Gammon*, 28 F.3d 51, 54 (8th Cir. 1994). *See also Estelle v.*

6

*McGuire*, 502 U.S. 62, 67-68 (1991) (explaining that "it is not the province of a federal habeas court to reexamine state-court determinations on state law questions," and that a federal court conducting habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). To that end, petitioner is required to allege a constitutional violation in order to maintain a § 2254 petition.

With regard to conditional release, the United States Supreme Court has determined that there "is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Nevertheless, a state's own "parole statutes and regulations may create a liberty interest that is entitled to due process protection." *Marshall v. Mitchell*, 57 F.3d 671, 672 (8th Cir. 1995). As to Missouri, the United States Court of Appeals for the Eighth Circuit has held that Missouri's parole statutes do not create a liberty interest. *Id*. (explaining that "[t]his court has consistently held that the current Missouri statutes, standing alone, do not create a liberty interest protected by the due process clause of the Fourteenth Amendment"). *See also Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (stating that "our court has held that the Missouri parole statutes create no liberty interest under state law in the parole board's discretionary decisions").

Here, petitioner asserts that the Missouri Courts wrongfully denoted him a "prior and persistent offender," assessed him four instead of two prior felony commitments, and as a result, the Missouri Department of Corrections provided him with the wrong sentencing release date. As noted above, however, there is no constitutional right to be conditionally released before the expiration of a valid sentence. While a state's own statutes may create such a liberty interest, Missouri's statutes do not. To the contrary, the Missouri Board of Probation and Parole has

7

"retained plenary discretion as to whether to issue a conditional release date." *See Rentschler v. Nixon*, 311 S.W. 3d 783, 788 (Mo. banc. 2010). ("The board's consideration of granting conditional release to any of the inmates [is] a mere possibility, nothing more. It is insufficient to support a claim for the creation of a disability."). Specifically, Mo. Rev. Stat. § 558.011.5 provides that "[t]he date of conditional release from the prison term may be extended up to a maximum of the entire sentence of imprisonment by the board of probation and parole." Therefore, petitioner's claim regarding the denial of a conditional release date fails to rise to the level of a constitutional violation.

Here, petitioner does not assert a constitutional violation, but merely requires the court to interpret and apply Missouri sentencing statutes. *See Bagley v. Rogerson*, 5 F.3d 325, 328-29 (8th Cir.1993) (violation of state law, without more, is not federal constitutional violation). As such, petitioner's claim is not cognizable under § 2254. "With the exception of due process claims, state prisoners' claims of error involving sentencing, parole, probation, and revocation of probation are matters governed by state law that are not cognizable in federal habeas proceedings." *Martin v. Solem*, 801 F.2d 324, 331 (8th Cir. 1986).

**B. Failure to Exhaust Administrative Remedies**

Petitioner additionally argues that the Missouri Courts, Missouri Department of Corrections and the Missouri Board of Probation and Parole have erroneously calculated his release date.

To exhaust a challenge to parole/probation revocation proceedings in Missouri, a petitioner must first file a state habeas corpus petition under Missouri Supreme Court Rule 91 in the circuit or associate circuit court of the county where he is in custody. Mo. S. Ct. R. 91.01(a). *See Romano v. Wyrick*, 681 F.2d 555, 556-57 (8th Cir. 1982); *see also Brown v. Missouri Bd. of Prob. & Parole*,

8

727 F. Supp. 524, 531 (W.D. Mo. 1989). Consequently, to be considered exhausted for purposes of federal habeas relief, the claims must be presented in a Rule 91 state habeas petition to either the Missouri Court of Appeals or the Missouri Supreme Court. *Romano*, 681 F.2d at 556-57. There is no time limit for filing a Rule 91 state habeas petition. *Davis v. Purkett*, 296 F. Supp. 2d 1027, 1030 (E.D. Mo. 2003).

Here, petitioner states he is challenging a sentencing and/or release date issue. He has not shown, however, that he exhausted his state remedies prior to filing the instant petition, which amounts to procedural default. *See Williamson v. Minor*, 2010 WL 681376, at *4 (E.D. Mo. Feb. 22, 2010) (petitioner's failure to file a state habeas petition to contest his probation revocation is procedural default and subject to dismissal). Therefore, petitioner's claims are not yet exhausted and cannot be brought in this Court.

Because petitioner has made no effort to explain why he cannot raise his claims in state proceedings, nor has he shown that there are any exceptional circumstances that would allow him to bypass the normal procedure for raising such claims, relief in federal habeas is unavailable. To determine otherwise would interfere with the trial judge's control over his case, encourage "judge shopping," and cause needless duplication of judicial resources. The Court will therefore deny the petition. The Court will not issue a certificate of appealability, as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000).

C. **Summary Dismissal**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must dismiss a 28 U.S.C. § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Here, it is plainly apparent

9

that petitioner is not entitled to relief. As petitioner has not presented any constitutional basis for his 28 U.S.C. § 2254 petition, or shown his claims as exhausted, the petition must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and its supplements [ECF Nos. 1, 6, 7 and 8] are **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motions for entry of default, for appointment of counsel and for prospective relief [ECF Nos. 5, 9, 10 and 11] are **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

Dated this 2nd day of May, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE